GEORGE HAGAR, Appellant, v. SUPERVISORS OF YOLO COUNTY, Respondents.

No. 2914; February 5, 1873.

**Certiorari—Scope of Writ.—**In California the Only Office of the writ of certiorari is to ascertain and determine whether the inferior tribunal to which it is directed has exceeded its jurisdiction in the proceeding sought to be reviewed.

**Swamp Land—Reclamation—Power of Supervisors.—**In the organization of swamp land reclamation districts the powers of boards of supervisors are determined in each case by the board's own record of the case, which record cannot be enlarged or aided by proof aliunde.

**Swamp Land—Reclamation—Requisites of Petition.—**The foundation of the jurisdiction of boards of supervisors in the matter of the organization of swamp land reclamation districts is a sufficient petition, the requisites of which are prescribed by statute.

**State Land—Sold and Unsold Lands.—**The Records of the State Land Office furnish the data for ascertaining with accuracy what lands have been sold and what unsold within any particular district, and in seeking to establish a new district this statutory requirement ought to be so complied with as to need no aid of presumption to supply deficiencies in the averments of the petition.

**Swamp Land—Reclamation—Mexican Grants.—**It is questionable whether, under existing statutes, lands held under Mexican grants can be included in swamp land reclamation districts, particularly if the land sought to be so included be not itself swamp land.

Certiorari, Yolo County.

Cadwalader & Belcher, for appellant.

See Hagar v. Board of Supervisors, 47 Cal. 222; 50 Cal. 473.

By the COURT.—It is sought in this case to review the action of the board of supervisors of Yolo county in its proceedings to establish "Reclamation District No. 108," organized for the purpose of reclaiming a large body of swamp and overflowed land situate in Yolo and Colusa counties. The only office of the writ of certiorari in this state is to ascertain and determine whether the inferior tribunal to which it is directed has exceeded its jurisdiction in the proceeding sought

to be reviewed.   The only question, therefore, which is before us in this case is, whether the board of supervisors has regularly pursued its authority and kept within its jurisdiction in the proceedings under review.

The act of March 28, 1868 (Stats. 1867–68, p. 514), prescribes minutely the steps to be pursued in the organization of swamp land reclamation districts.   Section 30 provides that: "Whenever the holders of certificates of purchase, patents or other evidence of title representing one-half or more of any body of swamp and overflowed, salt marsh or tide lands, susceptible of one mode of reclamation, desire to reclaim the same, they shall present to the board of supervisors of the county in which the said lands or the greater portion thereof are situated, at a regular meeting of said board, a petition setting forth that they desire to adopt measures to reclaim the same, the description of the lands they propose to reclaim, by township, range, section and subdivision of section; the quantity sold and the quantity remaining unsold, the number of acres in the whole district and the number of acres in each tract sold, with the name (if known) of the owner thereof."

It will be observed that the petition is required to set forth "the quantity sold and the quantity remaining unsold, the number of acres in the whole district and the number of acres in each tract sold, with the name (if known) of the owner thereof."   The petition in this case is wholly silent as to "the quantity sold and the quantity remaining unsold" within the proposed district.   There is, it is true, annexed to the petition a schedule which is referred to as containing a description of the land sought to be reclaimed, "the several tracts of land in said district, the number of acres in each tract, and the names of the owners thereof so far as known."   In the schedule the several tracts are described by township, range, section and subdivisions of sections, as required by the statute, and opposite to a large number of the tracts are set down the names of the owners severally, but opposite to many other tracts is the word "unknown," to indicate that the owner is unknown.

It is claimed by the respondents that, inasmuch as the schedule contains a complete list of all the lands within the district, and sets forth the name of the owner of each tract, except where the names are unknown, that this is equivalent to an

averment that all the lands had been sold, and that it was therefore unnecessary to aver the fact directly in the body of the petition. But it appears from the schedule that the names of many of the owners were unknown; and to construe this as equivalent to an averment that these lands with unknown owners had been sold by the state would be to substitute a very remote presumption where the statute requires a direct allegation. The records of the state land office furnish the data for ascertaining with accuracy what lands have been sold and what remain unsold within any particular district, and in seeking to establish a new district this requirement of the statute ought to be so complied with as not to need the aid of presumption to supply deficiencies in the averments of the petition.

Nor does the schedule state the number of acres in each tract, as required by the statute. On the contrary, opposite some of the full sections is only the word "whole" to indicate the quantity, without stating it in acres. Whilst, ordinarily, a section contains six hundred and forty acres, it is well known that owing to the inaccuracy of instruments and other causes many full sections in the government surveys contain considerably more or less than that quantity. It also appears from the schedule that a large proportion of the land in the proposed district is owned by the "Sacramento Valley Reclamation Company," but there is no averment in the petition that this company is a corporation, or if a corporation, that it is capable in law of acquiring and holding so large a body of real estate.

For these reasons the petition does not comply with the requirements of the statute, and its deficiencies cannot be helped out by averment and proof in this action. Whether or not the board acquired jurisdiction of the proceeding must be determined on the face of its own record, which cannot be enlarged or aided by proof aliunde. The foundation of their jurisdiction in this class of cases is a sufficient petition, the requisites of which are prescribed by the statute, with none of which either the board of supervisors or this court have the power to dispense.

We are, therefore, of opinion that the board exceeded its jurisdiction in entertaining the petition.

This disposes of the present action, and it is therefore unnecessary to decide the other points discussed by counsel; but it may be proper to add that, on looking into the record, we entertain a grave doubt whether, under the existing statutes, lands held under Mexican grants can be included in swamp land reclamation districts, and particularly if the land so sought to be included be not itself swamp land. But we are not to be understood as expressing a decided opinion on this point.

Let an order be entered vacating and annulling the proceedings of the board of supervisors of Yolo county establishing "Reclamation District No. 108."